## No. 170

### CUTHBERTSON v. STATE OF OHIO

No. 19577. Supreme Court

On motion to certify. Dock. Jan. 18, 1926; 4 Abs. 72.

293. CONTEMPT—Is a person who holds a lease on a property which has been "padlocked" under 13195 GC., in contempt of court if he assigns the lease to relieve himself from liability, or must he retain the lease and allow the property to remain vacant?

This action was brought originally by the prosecuting attorney in the Jefferson Common Pleas, upon an affidavit charging Tim Cuthbertson with violating an order of the court.

It appears that the prosecuting attorney filed a "petition in equity" which alleged that Cuthberson had been apprehended for selling intoxicating liquor on property owned by one McConville, which he had sub-leased, and sought an order under 13195 GC., enjoining the use of the property for one year. Subsequent thereto the court ordered the premises padlocked for one year, whereupon Cuthbertson gave a $5,000 bond as provided by the statute. Cuthbertson then sold the personal property in the room and transferred the lease with the consent of the owner.

The Common Pleas found Cuthbertson guilty and thereupon imposed a sentence and fine, which judgment was affirmed by the Court of Appeals.

Cuthbertson here contends that he was not in contempt of court in so doing on the ground that his acts were not in violation of the order and injunction.

Attorneys—Williams & Nolan for Cuthbertson; R. S. Merryman, for State; all of Steubenville.

## No. 171

### MILLER v. ADELSTEIN

No. 19580. Supreme Court

On motion to certify. Dock. Jan. 18, 1926; 4 Abs. 72.

997. REAL PROPERTY—Where a contract for the sale of real estate, which contains no description of said property, is executed, may the vendee refuse to pay a balance due on the purchase price until the description is inserted and if the vendor brings an action for ejectment thereupon, may the vendee enjoin the vendor from ousting said vendee?

Ruth Miller entered into a contract with Charles Adelstein whereby she agreed to purchase a certain property. The contract did not contain a description of the property and upon the vendee's request that it be inserted and refusal to pay the sums stipulated in the contract until the description be inserted, the vendor brought an action for ejectment.

Miller brought this action originally in Cuyahoga Common Pleas to enjoin Adelstein from ousting her. The injunction was refused and this judgment was affirmed by the Court of Appeals.

It seems that Miller had taken possession of the property under a former contract for sale which was cancelled and she continued in possession until the contract in question was executed.

The lower courts held that the vendor had at all times been ready, willing and able to deliver a deed to the property in accordance with the terms of the contract and that the vendee had breached the contract by failing to pay the sum due, and ordered that vendee's rights terminated and that vendor may retain the sum already paid as liquidated damages unless vendee pay the sum due.

Miller here contends that the contract is unenforceable because it was incomplete and imperfect in that it contained no description of the property, and that as the possession of the property was taken under a former contract the statute of frauds would bar the action of Adelstein for ouster.

Attorneys—Alexander H. Martin for Miller; C. M. Klein for Adelstein; all of Cleveland.

## No. 172

### ASHVILLE VIL. (Bd. of Ed.) v. BRIGGS, Aud.

No. 19578. Supreme Court

In Mandamus. Dock. Jan. 18, 1926; 4 Abs. 72.

1157. TAXATION—May a county auditor refuse to levy a tax approved by the electors on the ground that the form of the ballot submitted at the election did not conform to the form prescribed in 5649-9C GC?

The Board of Education of Ashville Village School District, Pickaway County, pursuant to its determination that a new school house was necessary and that funds on hand or obtainable under 7629 and 7630 GC. are insufficient to construct the building, passed a resolution as provided by law to issue bonds and pay interest thereon and retire the same. The resolution was certified to Bryce Briggs, county auditor, who certified a 1.66 mill levy to be necessary. The Board thereupon certified its resolution to the board of deputy state supervisors of elections to effect the preparation of ballots in order to submit the question to the electors. Notice of the election was properly published and the following ballot was furnished to the electors:

BALLOT
PROPOSED BOND ISSUE

To erect a new fireproof grade school building in the Ashville Village School District, Pickaway County, Ohio, in the sum of $45,000.
: FOR THE ISSUE OF BONDS—YES :
: FOR THE ISSUE OF BONDS—NO :

The bond issue was carried and the Board certified a resolution for a tax levy to the auditor who refused to receive the resolution and levy the tax on the ground that the ballot was not in accordance with the form prescribed by Section 5649-9C, of the General Code.

A second cause of action is set up involving similar facts and issues except that a joint high school building is proposed for Ashville Village and Harrison Township Districts. The ballot was in the same form.

The Board seeks a writ of mandamus ordering the auditor to receive the resolution and levy the tax on the ground that the law having been complied with, it is his duty to so do and that upon his refusal a writ of mandamus is the Board's only remedy.

Attorneys—Knepper & Wilcox, Columbus, for the Board.